IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD HERRERA | § | |
| v. | § | CIVIL ACTION NO. 6:15cv104 |
| MICHAEL UNIT UCC/ASC, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Richard Herrera, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The magistrate judge ordered Herrera to file an amended complaint setting out a short and plain statement of his claims, including a concise statement of each of the claims he wishes to raise, the persons whom he wishes to name as defendants, a statement showing how each of the named defendants are involved in the facts forming the basis of the claims, the harm which he suffered, and the relief sought. When Herrera did not comply, the magistrate judge issued a report recommending that the case be dismissed without prejudice.

In his objections to the report, Herrera did not address his failure to file an amended complaint as ordered. Instead, he offers what appears to be a re-statement of his claim, but this statement falls well short of the requirements for an adequate pleading as set out by the magistrate judge. Instead, it consists solely of conclusions, reading in its entirety as follows:

1

> On 4-3-14 at 1257 Lt. K. Cuban case no. 20140197214, at 4-8-14 at 9:30 a.m. by Capt. J. Goff and case no. 20140217505 and on 4-24-14 by same Capt. J. Goff and 9:00 a.m. for disciplinary violation.
>
> Chief of Classification, Warden Baker senior warden, Building Capt. J. Goff A.S.C. deliberate indifference did knowingly violate my right by not allowing or having been seen by U.C.C. / A.S.C. did violate my rights without due process due to the fact that a revocation in status does knowingly stop the process of parole to freedom.
>
> Also involved is Major Hefner did deliberate indifference knowingly violate my civil rights due to safety, security and housing and did discriminate due to my race as a minority Hispanic.
>
> I have asked for the officer unit employee roster to have said person in question U.C.C. / chief of classification that states job description / job title at the time of incident and violates my civil rights.

The magistrate judge's order specifically instructed Herrera that "he must set out specific facts, not conclusory allegations" and that the failure to file an amended pleading which complies with the order could lead to dismissal of the lawsuit. Herrera did not comply with this order and his lawsuit may therefore be dismissed. His objections to the magistrate judge's report are without merit.[1]

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected and has determined the report of the magistrate judge is correct and the Plaintiff's objections are without merit. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. It is further

---

[1] In any event, the allegations set out in Herrera's objections fail to state a claim upon which relief may be granted despite the fact that Herrera had an opportunity to amend. The Supreme Court has stated that a complaint is insufficient if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.E.2d 868 (2009); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 22nd day of September, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE